# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**BILLY JESUS CONEY,**
**# 6947091,**

      **Plaintiff,**

**vs.**                    **Case No. 4:23cv407-AW-MAF**

**FLORIDA  CIVIL**
**COMMITMENT CENTER, et al.,**

      **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, has filed a second amended civil rights complaint [hereinafter "complaint"]. ECF No. 10.  The complaint has been reviewed as required by 28 U.S.C. § 1915A to determine if the complaint is sufficient for service.  Because it is not, and because Plaintiff has already been provided several opportunities to submit a viable complaint, it is recommended that this case be dismissed for failure to state a claim.

Plaintiff initiated this case in September 2023, by submitting a civil rights complaint which named former Secretary of the Florida Department

of Corrections as Defendant, along with the Department, and a person identified as the Housing Urban Development officer from the White House. ECF No. 1 at 1-3.  Plaintiff provided no facts to support claims against any of those persons.  Instead, Plaintiff made vague assertions about having lost settlement paperwork (a voucher) from a prior "mesh hernia class action lawsuit."  *Id.* at 5.  Advised that the complaint was insufficient and that it was not appropriate to file a new case to obtain paperwork from a prior case, Plaintiff was nevertheless permitted to file an amended complaint if there was a basis to do so.  ECF No. 4.

Plaintiff's amended complaint, ECF No. 6, fared no better.  It provided a new list of Defendants, but again failed to provide any facts which demonstrated that Plaintiff's constitutional rights had been violated.  The pleading contained case citations, incomprehensible assertions about welfare, and requested welfare benefits for having worked for 30 years.  *Id.* at 5-6.  Another Order was entered, ECF No. 7, advising Plaintiff that his conclusory and vague allegations were insufficient to state a claim.  Plaintiff was also informed that his assertion of working for 30 years was suspect. *Id.* at 3.  The Florida Department of Corrections' Corrections Offender Network provides a criminal history of all current and former prisoners.  It

shows that Plaintiff was released from prison on March 9, 2023, subject to a detainer filed by the Department of Children and Families.  Plaintiff's incarceration history reveals that he has spent most of his adult life in prison, not working for compensation which would qualify him for social security benefits.[1]  However, Plaintiff was provided another opportunity to submit a viable complaint if he believed his constitutional rights had been violated.  ECF No. 7.

Plaintiff's second amended complaint ["complaint"], ECF No. 10, was filed on December 11, 2023.  It lists two Defendants on the first page, and three entirely different Defendants within the complaint.  The only allegations presented are conclusory and do not allege actions by any person.  Plaintiff alleged only that he was a pretrial detention at an unspecified time which resulted in his involuntary commitment as a sexually violent offender.  *Id.* at 5.  He contends that those proceedings occurred "without proof," that his due process rights were violated, and his detention is "illegal."  *Id.*  As relief, Plaintiff requests that he be "exonerated"

---

[1] Pla intiff's incarceration history reveals he was in custody from: 10/24/1978 - 07/19/1983; 08/29/1985 - 12/31/1985; 10/01/1986 - 06/03/1994; 04/07/1997 - 11/20/2000; 03/28/2005 - 09/01/2007; 12/23/2013 - 04/01/2019; and 03/09/2023.

and released to a "V.A. program" in Broward County or Dade County. *Id.* at 7. Such relief is not permissible from a civil rights action.

The United States Supreme Court has held "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973). Thus, Plaintiff cannot use this civil rights case to seek release from his confinement at the Civil Commitment Center. Moreover, Plaintiff cannot use a civil rights case to exonerate himself either. A civil rights action which - in the usual case - seeks monetary damages is permissible only after the plaintiff has "prove[n] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Because this case cannot provide Plaintiff the relief he seeks, and because Plaintiff has not alleged any facts which state

a claim against any named Defendant, it is recommended that this action be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 13, 2023.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**